IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELEN L. MARTIN, Executrix of the Estate of Robert D. Lenig, Deceased, | : : : : : : : : : : : | Civil Action<br><br>C.A. No. 13-7645<br><br>ASBESTOS CASE |
| Plaintiff, | | |
| v. | | |
| ALLEN-BRADLEY COMPANY, *et al.*, | | |
| Defendants. | | |

**REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT OWENS-ILLINOIS, INC.**

    Defendant Owens-Illinois, Inc. ("O-I") hereby submits this Reply in support of its motion for summary judgment (the "Motion").

**I.    INTRODUCTION**

    Plaintiff has not responded to O-I's Motion for Summary Judgment with evidence from anyone with personal knowledge that Plaintiff's decedent, Robert D. Lenig, was exposed to asbestos from pipe insulation manufactured by O-I. Instead, Plaintiff relies on the deposition testimony of Kenneth Prevish and an affidavit from Arthur Faherty in an unsuccessful attempt to defeat the Motion. Plaintiff does so while conceding that Mr. Prevish did not work with Mr. Lenig; has never met Mr. Lenig; and did not know what Mr. Lenig's duties were onboard the U.S.S. Tarawa. (Motion at ¶¶ 12-13; Answer at ¶¶ 12-13). Accordingly, Mr. Prevish does not know if Mr. Lenig was present for the installation or removal of asbestos-containing pipe insulation manufactured by O-I. Likewise, Mr. Faherty does not know Mr. Lenig or have any personal knowledge concerning Mr. Lenig's purported exposure to asbestos-containing products.

Mr. Faherty did not serve aboard the U.S.S. Tarawa, and his Affidavit is based on a reading of sixty-year-old naval records that fail to place Mr. Lenig at the scene of the installation or removal of a single asbestos-containing product (Ans. Br. at Exh. G). Mr. Faherty's failure to reference O-I in his Affidavit is striking as well as indicative of the lack of probative value that the Affidavit commands. Id.

Despite these evidentiary failures, Plaintiff opposes the Motion based on the factually erroneous position that O-I pipe insulation was the *only* type of pipe insulation aboard the U.S.S. Tarawa, and, thus, Mr. Lenig could not have avoided exposure to O-I's product. Mr. Prevish's testimony that Johns Manville pipe insulation was also used during the retrofit cuts down this argument in its tracks. See 6/20/12 deposition testimony of Kenneth Prevish attached hereto as Exh. H at 118:3-13; Exh. C to Motion at 24:22 – 25:10 and 7/16/14 deposition testimony of Kenneth Prevish attached hereto as Exh. I at 37:18-24. Mr. Prevish did not, as Plaintiff claims, testify that only O-I pipe covering was used on the Tarawa. Rather, Mr. Prevish testified that Johns Manville pipe covering also was used. Regardless, neither Mr. Prevish nor Mr. Faherty could establish Mr. Lenig's presence during a single repair of pipe insulation on the ship, let alone pipe insulation manufactured by O-I. Plaintiff has failed to meet her evidentiary burden, and her opposition to the Motion rests on pure speculation. Speculation does not provide a basis for a finding of liability, and, therefore, this Court should enter judgment in favor of O-I as a matter of law.

## II. ARGUMENT

### A. Plaintiff misrepresents the record concerning the presence of preformed pipe insulation manufactured by Johns Manville aboard the U.S.S. Tarawa.

Plaintiff bases her opposition to the Motion on a factually erroneous premise: that pipe insulation manufactured by O-I was the only type of pipe insulation aboard the U.S.S. Tarawa. This assertion is patently false, and directly contradicted by Plaintiff's own witness, Mr. Prevish. Mr. Prevish testified not once, but twice that the U.S. Navy used preformed pipe insulation manufactured by Johns Manville during the retrofit of the U.S.S. Tarawa. In 2012, Mr. Prevish testified in his asbestos lawsuit concerning his own use of Johns Manville preformed pipe insulation aboard the U.S.S. Tarawa:

> Q. Do you remember ever seeing any pipe insulation material, the preformed material, by Johns Manville?
>
> A. Yes.
>
> Q. Would you have seen that when the ship was in port, at sea or both?
>
> A. I seen that in port.
>
> Q. Did you ever personally use any preformed pipe material that was made by Johns Manville?
>
> A. A little bit.

See Exh. H hereto at 118:3-13. In 2014, testifying on behalf of Mr. Lenig, he corroborated his prior testimony concerning the use of preformed pipe insulation manufactured by Johns Manville during the retrofit:

ME1 19834879v.1

> Q. Mr. Prevish, do you recall telling me that in addition to the Owens-type insulation material, that you also saw Johns-Manville insulation:
>
> A. Yes.
>
> Q. -- onboard the ship?
>
> Do you know specifically where the Johns-Manville insulation was used onboard the Tarawa during that overhaul –
>
> A. On the pipes too.
>
> Q. -- in Boston?
>
> I'm sorry?
>
> A. It was used on the pipes too.

See Exh. C to Motion at 24:22 – 25:10 and Exhibit I hereto at 37:18-24.  Plaintiff may not distort the record or cherry-pick misleading fragments of deposition testimony in order to raise an issue of material fact where none exists.  A review of the full record indicates that pipe insulation manufactured by Johns Manville was used aboard the U.S.S. Tarawa during the retrofit, including by Mr. Prevish himself.  Accordingly, Plaintiff's claim that Mr. Lenig could only have been exposed to pipe covering manufactured by O-I is flatly contradicted by the record.  Even assuming that Mr. Lenig was exposed to asbestos-containing pipe covering – a fact that itself is unsupported by the record – Plaintiff cannot establish who made that pipe covering.  Therefore, the Court should grant summary judgment as a matter of law.

### B. The Faherty Affidavit fails to provide information specific to O-I, Mr. Lenig, or Mr. Lenig's alleged exposure to asbestos-containing pipe insulation.

Plaintiff grossly inflates the probative value of the Affidavit of her expert, Arthur W. Faherty, concerning Mr. Lenig's alleged exposure to asbestos-containing products aboard the

U.S.S. Tarawa. Mr. Faherty does not know Mr. Lenig and he did not serve aboard the U.S.S. Tarawa. This lack of personal knowledge is evident in an affidavit that is probative of nothing, and in which Mr. Faherty referenced Mr. Lenig only once by name; ignored O-I altogether; and failed to conclude that Mr. Lenig suffered actual exposure to an asbestos-containing product (Ans. Br. at Exh. G).

The Faherty Affidavit is more noteworthy for the information that it omits, rather than includes. Specifically, Mr. Faherty failed to even address any of the following relevant facts:

- Mr. Lenig's responsibilities in relation to the retrofit of the ship;
- Mr. Lenig's location during the retrofit of the ship;
- The name of the manufacturer of any product aboard the ship;
- The presence of preformed, pipe insulation manufactured by O-I aboard the ship;
- The absence of another manufacturer's preformed, pipe insulation aboard the ship;
- The date and location aboard the ship where pipe insulation was purportedly removed or installed;
- The manufacturer of the pipe insulation that was purportedly removed from or installed on the ship;
- Mr. Lenig's location in relation to the purported removal or installation of pipe insulation;
- The purported presence of asbestos-containing products aboard the ship, including asbestos-containing pipe insulation; and
- Whether Mr. Lenig was exposed to asbestos from the purported removal or installation of pipe covering aboard the ship.

(Ans. Br. at Exh. G). Mr. Faherty cannot attest that Mr. Lenig was exposed to asbestos-containing pipe insulation manufactured by O-I, and cognizant of this shortcoming, he does not make the critical connection in the Affidavit. Id.

ME1 19834879v.1

Despite these gaping omissions, Plaintiff cites to paragraphs 17-28 of the Affidavit in an attempt to derail summary judgment. These paragraphs state nothing more than that Mr. Lenig was a yeoman assigned to the U.S.S. Tarawa from 1952 to 1956, and that the ship underwent repairs for two of those years. Mr. Faherty also attested that certain command areas and equipment were relocated within the ship, and certain spaces were refurbished. The Affidavit fails, however, to explain whether Mr. Lenig was assigned to the command areas that were relocated; if Mr. Lenig worked in the areas that were refurbished, and if so, whether he was present at the time of refurbishment; or what the refurbishment entailed. The Affidavit fails to provide any information which places Mr. Lenig in a specific location at a specific time during a specific repair to establish his exposure to an asbestos-containing product, much less a product manufactured or sold by O-I.

In short, Mr. Faherty provides no more than "generalized" knowledge based on inadmissible hearsay concerning the practices of the U.S. Navy, thereby illustrating the inherent weakness of the Affidavit. The Affidavit is vague and akin to a form document such that any plaintiff could file the Affidavit – without revision – in any asbestos action (pending before any court) involving allegations of naval exposure.[1] Aside for a few paragraphs, the Affidavit fails to include case-specific information, and those isolated paragraphs which concern this case do not establish Mr. Lenig's exposure to the asbestos-containing products of any manufacturer, including O-I (Ans. Br. at Exh. G). Plaintiff hopes that paragraph 27 of the Affidavit will cover

---

[1] The Affidavit does not corroborate the Prevish Testimony (Ans. Br. at p. 5). In fact, there is no overlap between the Prevish Testimony and the Affidavit. Mr. Prevish did not board the U.S.S. Tarawa until the final four weeks of the retrofit (Exh. C to Motion at 14:17 – 15:5; Exh. D to Motion at 60:25 – 61:6), and he testified that the majority of the repairs had already been completed (Exh. C to Motion at 15:3-5). Further, Mr. Prevish worked exclusively within the boiler room (Exh. B to Motion at 20:3-7; Exh. C to Motion at 18:13-18). Meanwhile, the Affidavit makes no reference to time, and it fails to discuss any repairs within the boiler room (Ans. Br. at Exh. G).

the gaping holes in its case – "It is more likely than not that during this work period in Boston, asbestos dust from the deck covering removal and from electrical and piping removal was created in the work and living spaces" – but the conclusory sentence is representative of Mr. Faherty's generic and uninformed opinion, in which he fails to (1) connect Mr. Lenig to these repairs or otherwise place him at the scene of the these repairs; or (2) establish that such repairs included asbestos-containing pipe insulation manufactured by O-I.  Id. at ¶ 27.  In sum, the Affidavit fails to create a genuine issue of material fact, and thus, this Court should enter judgment in favor of O-I as a matter of law.

      **C.     No reasonable juror could conclude that Mr. Lenig was exposed to an asbestos-containing product manufactured by O-I.**

          *1.     Plaintiff Failed To Provide Grounds For Why The Court Should Not Apply Maritime Law.*[2]

Plaintiff's allegations of exposure to asbestos-containing products aboard the U.S.S. Tarawa warrant the application of maritime law.  Plaintiff contests the application of maritime law, and he requests a remand of the case to Pennsylvania state court.  This Court previously dispensed with Plaintiff's arguments when it denied Plaintiff's Motion to Reconsider Application of Maritime Law.  See ECF No. 174.

          *2.     Plaintiff Failed To Establish A Prima Facie Case Under Maritime Law.*

Summary judgment is warranted where the plaintiff fails to articulate a basis – grounded in fact and not speculation or innuendo – for establishing exposure to asbestos.  See, e.g., Hilt v. Foster Wheeler, LLC, et al., C.A. No. 2:11-66723-ER, slip op at 7 (E.D. Pa. Jan. 28, 2014)

---

[2] Plaintiff incorrectly states that O-I stipulated to the application of Pennsylvania law (Ans. Br. at p. 3 fn 1).  O-I did not stipulate to the application of Pennsylvania law, or argue for the application of Massachusetts law.  O-I correctly observed that the under the facts alleged by Plaintiff, the case is governed by maritime law.  O-I presented an analysis of Pennsylvania and Massachusetts law solely to demonstrate that under any law that Plaintiff might argue, the result would be the same:  summary judgment in favor of O-I.

(applying maritime law); Hall v. A.W. Chesterton Co., et al., C.A. No. 2:11-66335-ER, slip op at 7 (E.D. Pa. May 7, 2013) (same); Hagen v. Benjamin Foster Co., et al., C.A. No. 2:07-63346-ER, slip op at 7 (E.D. Pa. Oct. 12, 2012) (same); Cardaro v. AeroJet Gen. Corp., et al., C.A. No. 2:11-66763-ER, slip op at 7-9, 11 (E.D. Pa. July 26, 2012) (same); Taylor v. Foster Wheeler, LLC, et al., C.A. No. 2:10-80824-ER, slip op at 10 (E.D. Pa. July 2, 2012) (same).

Here, Plaintiff contends that O-I Kaylo pipe insulation was the only type of pipe insulation aboard the U.S.S. Tarawa, and thus, Mr. Lenig had to come into contact with the product. But Plaintiff's own evidence demonstrates otherwise. Mr. Prevish testified that Johns Manville pipe insulation also was used onboard the U.S.S. Tarawa. Accordingly, Plaintiff has shown "no evidence that [the plaintiff] was exposed to respirable asbestos from (or used in connection with) a [product] manufactured or supplied by [the defendant] ... [or] evidence that any asbestos to which he was exposed in connection with any product was from an asbestos-containing component part manufactured or supplied by [the defendant]." Hagen, C.A. No. 2:07-63346-ER, slip op at 7. It is well established that "[a] mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." Hall, C.A. No. 2:11-66335-ER, slip op at 5. Thus, Plaintiff's argument is without merit.

This Court has rejected as speculative the precise argument asserted by Plaintiff: that Mr. Lenig could not have avoided exposure to asbestos dust. In Taylor, the plaintiff's expert opined that the plaintiff "would have necessarily inhaled asbestos dust from the [defendant's product]." Taylor, C.A. No. 2:10-80824-ER, slip op at 10. This Court did not find the testimony probative, concluding that "there [was] no evidence from anyone with personal knowledge as to whether [the plaintiff] inhaled asbestos dust from original insulation installed (i.e., supplied) by [the defendant, and thus,] [t]he opinion of [p]laintiff's expert ... is impermissibly speculative." Id.

Similarly, in Hilt, the plaintiff's expert testified that it was "virtually impossible" that the plaintiff, by virtue of his presence aboard the ship, was not exposed to respirable asbestos from the defendant's product. See Hilt, C.A. No. 2:11-66723-ER, slip op at 6. As in Taylor, the Hilt Court granted the defendant's motion for summary judgment, finding the expert's testimony "insufficient" under maritime law. Id. at 7.

Plaintiff also alleges that Mr. Lenig suffered substantial exposure to pipe insulation manufactured by O-I, because "there is no other exposure in [Mr. Lenig's] life except to Owens Illinois over several months" (Ans. Br. at p. 10). Substantial exposure requires proof of plaintiff's exposure to a defendant's product "for some length of time." Taylor, C.A. No. 2:10-80824-ER, slip op at 5 ("Substantial factor causation is determined with respect to each defendant separately."). Here, Plaintiff has offered no evidence of Mr. Lenig's exposure to pipe insulation manufactured by O-I. At the same time, there is abundant testimony from Mr. Prevish concerning the presence of numerous other asbestos-containing products aboard the U.S.S. Tarawa.[3] Even if Mr. Lenig was present for the repair of pipe insulation – which Plaintiff cannot demonstrate – the record fails to show (1) the number of repairs in which he was present; and (2) the length of such repairs. Further, there is no indication that O-I manufactured the pipe insulation that was removed or installed. The naval records offered in support of Plaintiff's position are silent on the matter (Ans. Br. at Exh. B), and Mr. Faherty did not reference a single manufacturer in his affidavit (Ans. Br. at Exh. G).

---

[3] See 6/20/12 trial testimony of Kenneth Prevish attached hereto as Exh. J at 41:9 – 42:20 (pipe insulation); Exh. J at 41:9 – 42:20 (cement); Exh. J at 43:4-23 (rope); Exh. J at 46:4 – 47:7, 47:16 – 49:9, 55:21 – 56:21 (gaskets).

### III. CONCLUSION

For the foregoing reasons, defendant Owens-Illinois, Inc. respectfully requests that this Honorable Court enter judgment in its favor as a matter of law.

                            Respectfully submitted,

                            **McCARTER & ENGLISH, LLP**

                            BY:   */s/ Barbara K. Gotthelf*
                                  Barbara K. Gotthelf
                                  Attorney ID No. 53832
                                  BNY Mellon Center
                                  1735 Market Street, Suite 700
                                  Philadelphia, Pennsylvania 19103
                                  Telephone:  (215) 979-3800
                                  Facsimile:  (215) 979-3899
                                  bgotthelf@mccarter.com

Dated:  February 26, 2015